**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-867C

(Filed: July 28, 2017)

**FILED**

**JUL 2 8 2017**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| AZAEL D. PERALES, ) | |
| ) | |
| Pro Se Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| v. ) | Dismissal; Frivolous. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On June 23, 2017, plaintiff in the above-captioned case, appearing pro se, filed a complaint in this court. Pl.'s Compl. ECF No. 1, (Filed Under Seal). Plaintiff also filed with his complaint: (1) an application to appear in forma pauperis (IFP Application), seeking permission to proceed without paying the court's filing fee, ECF No. 3; (2) a procedural motion moving the court to appoint a Special Master, pursuant to 42 U.S.C. §§ 200aa-12(c), ECF No. 4; and, (3) a motion to admit related cases, ECF No. 5. For the reasons stated below, plaintiff's complaint is **DISMISSED** as frivolous, plaintiff's IFP Application is **DENIED**, and plaintiff's procedural motion and motion to admit related cases are **DENIED** as moot.

I.  Plaintiff's Claims Are Frivolous

Mr. Perales' complaint is largely made up of nonsensical lists containing names of persons he identifies as defendants followed by several pages containing excerpts of criminal statutes generally pertaining to the Racketeer Influenced and Corrupt Organizations Act (RICO). Pl.'s Compl., passim. With limited exceptions, this court has authority to "issue judgments for money against the United States only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment." Drake v. Fitzwater, No. 15-408C, 2015 WL 1883766, at *1 (Fed. Cl. Apr. 23, 2015) (citing United States v. Testan, 424 U.S. 392, 397-98 (1976)) (emphasis added).

The plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). Should the court find that jurisdiction is wanting, the court must dismiss the claim.

Dismissal of a case is also appropriate upon the court's determination that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e) (2012); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or in fact); Taylor v. United States, 568 F. App'x 890, 891 (Fed. Cir. 2014) (citing 28 U.S.C. § 1915(e)(2)(B)) ("[A] district court is required to dismiss a frivolous complaint from a litigant who is proceeding in forma pauperis."). "Frivolous complaints include those in which the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity." Taylor, 568 F. App'x at 891 (citing Neitzke, 490 U.S. at 327 (identifying as frivolous those claims that describe "fantastic or delusional scenarios")).

Mr. Perales does not ground his claims in either a money-mandating statute, regulation, or contract. See 28 U.S.C. § 1491(a)(1) (2012); Hebert v. United States, 114 Fed. Cl. 590, 593 (2014) (no waiver of the court's jurisdictional requirements available to pro se plaintiffs). Nor does his complaint contain any cognizable argument or claim for relief. Pl.s' Compl., passim. Instead, his submissions to the court are nothing more than an extensive list of names attached to pages of criminal statutes and other material excerpted from criminal cases he previously filed in other jurisdictions. Consistent with the guidance provided by the Federal Circuit in Taylor, 568 F. App'x at 891, the court finds that the recitations in plaintiff's complaint constitute frivolous allegations that do not require – and cannot receive – further proceedings here.

II.     Plaintiff's Claims Will Not Be Transferred

The court will consider transferring a case to another court when "a plaintiff articulates a clearly stated and non-frivolous complaint." Schrader v. United States, 103 Fed. Cl. 92, 101 (2012) (citing Phang v. United States, 87 Fed. Cl. 321, 330-31 (2009) (determining that it was not in the interest of justice to transfer plaintiff's claims because, in the court's view, plaintiff's claims were "unlikely to be meritorious in another court of the United States"), aff'd, 388 Fed. Appx. 961 (Fed. Cir. 2010) (unpublished)); see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Based on the patently frivolous nature of Mr. Perales' claims and the unlikelihood that plaintiff's claims would be "meritorious in another court of the United States," Phang, 87 Fed.Cl. at 330, the court does not find it to be "in the interest of justice" to transfer his complaint under 28 U.S.C. § 1631 (2012).

III.    Plaintiff's Motion for Leave to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, a "court of the United States" is permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1) (2012); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that § 1915(a)(1) applies to both prisoners and non-prisoners alike). As explained on this court's website in "A Guide for Self-Representation (2017) under the section titled, Pro se Information, "in forma pauperis" is defined as "[p]ermission given by the court for an individual to file a case without prepayment of the required court fees because the person is unable to pay them." Pro Se Information, http://www.uscfc.uscourts.gov/sites/default/files/Pro-Se-Guidebook-FINAL_0.pdf (last visited July 25, 2017). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that includes a statement of their assets, declares their inability to pay the fees or give the security, and describes the nature of the action brought and the basis for the redress sought. 28 U.S.C. § 1915(a)(1) (2012).

Under ordinary circumstances, "the threshold for a motion to proceed in forma pauperis is not high: [t]he statute requires [simply] that the applicant be

---

[1]     The Court of Federal Claims, while not generally considered to be a "court of the United States" within the meaning of Title 28 of the United States Code, is nonetheless deemed to be a "court of the United States" for purposes of this statute, and thus has jurisdiction to grant or deny IFP applications. See 28 U.S.C. § 2503(d) (2012) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915).

3

'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be "'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Moore v. United States, 93 Fed. Cl. 411, 414-15 (2010).

In his IFP Application, plaintiff states that he has no source of income aside from unemployment insurance and adds that he only has approximately $1050.00 in assets – to include funds in his checking and savings accounts and one automobile. IFP Application 1-2. Although the court finds that the payment of fees would prove to be a hardship for plaintiff, the court also finds that plaintiff's history of filing frivolous, repetitive, and vexatious actions militates against the grant of his IFP application. See 28 U.S.C. § 1915(e); Neitzke, 490 U.S. at 325 (1989) (defining when an action lacks an arguable basis in law or in fact). Since 2009, plaintiff has filed dozens of nearly identical complaints alleging RICO claims against government entities in district courts across the country; these various claims have been dismissed as frivolous. See, e.g., Perales v. Lowe's Co., Inc., et al., Case No. 1:09-cv-00173, ECF No. 3 (D. Vt., Aug. 19, 2009) (In a similar claim against several federal agencies among other defendants, the district court granted the IFP Application for the purpose of dismissing the claim as frivolous); Perales v. City of Buena Park, Cal., et al., Case No. 8:10-cv-00542, ECF No. 9 (D.C. Cal., Aug. 4, 2010) (IFP Application denied and complaint found to be frivolous); Perales v. United States, Case No. 4:11-cv-00113, ECF No. 5 (D. Ariz., Feb. 22, 2011) (IFP Application denied because complaint found to be frivolous); Perales v. Ford Motor Credit Co., LLC, Case No. 13-56935, ECF No. 4 (9th Cir., Feb. 20, 2014) (denying IFP Application, directing payment of docketing fee, and finding appeal frivolous) dismissed Mar. 20, 2014. In one case in which Mr. Perales alleged substantially similar allegations of criminality by the same defendants as he has here, the Central District of California identified plaintiff as "a prolific litigant who has been denied repeatedly leave to file without prepayment of the filing fee . . . [because] plaintiff's allegations are frivolous and nonsensical." Perales v. Apex Build'g Maint., et al., No. 8:10-cv-00016, ECF No. 2. (C.D. Cal., Jan. 22, 2010). Despite the many dismissals of various claims plaintiff has made, his habit of vexatious filings is unabated. See In re Collier, 907 F.2d 157 (Fed. Cir. 1990).

To date, plaintiff's long history of filing complaints constitutes an abuse of the judicial process and serves to deplete the court and the government of the resources required to address meritorious claims brought by pro se litigants. For this reason, plaintiff's request to proceed without payment of the filing fee is **DENIED**.

IV.     Conclusion

Plaintiff's complaint here is similar to previous court filings that have been deemed vexatious. Accordingly, plaintiff's complaint is **DISMISSED** as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B); plaintiff's IFP Application, ECF No. 3, is **DENIED**; and, plaintiff's procedural motion, ECF No. 4, and motion to admit related cases, ECF No. 5, are **DENIED** as moot.

The Clerk of the Court shall enter judgment for defendant. No costs. Additionally, the clerk's office is directed to return any future filings not in compliance with this court's rules to plaintiff, unfiled, without further order.[2]

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge

---

[2] On July 24, 2017, the clerk's office received a filing from plaintiff titled "Petition for Writ of Mandamus and Verified Complaint for Injunctive and Declaratory Relief Preliminary Statement." The clerk's office stated the filing was defective because there is no provision in this court's rules to allow for the filing of this submission. Pursuant to the filing of this opinion, the clerk's office shall **return** plaintiff's July 24, 2017 submission to plaintiff, **UNFILED**.

5